# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TRACEY FLETCHER, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 16-0589-KD-MU |
| MS. KING, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a former Alabama prison inmate proceeding *pro se*, filed the instant case, while incarcerated, alleging violations under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. Because Plaintiff has failed to prosecute this action by failing to comply with the Court's order dated October 23, 2017 (Doc. 16), it is recommended that this action be dismissed without prejudice.

Plaintiff has a history of failing to comply with the Court's orders. Initially, Plaintiff did not file his original complaint or his motion to proceed without prepayment of fees on the required Court forms; therefore, he was ordered to re-file both on the required forms by January 20, 2017. (Doc. 3). Plaintiff was provided the proper forms. On February 10, 2017, Plaintiff requested an extension of time to re-file his complaint. (Doc. 4). This Court granted Plaintiff's motion for an extension of time and ordered Plaintiff to file his complaint on the proper form and to file a motion to proceed without prepayment of fees on the proper form no later than April 13, 2017. (Doc. 6). Plaintiff was warned that

failure to comply with the Court's order on or before April 13, 2017 would result in the dismissal of his action for failure to prosecute and to comply with the Court's order. (Doc. 6 at p. 2). Although the Court received a payment of $14.00 from Plaintiff on April 13, 2017, he did not re-file his complaint or a motion to proceed without prepayment of fees on the proper forms. (Doc. 7). Therefore, the undersigned recommended that this action be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 8).

After the recommendation was entered, Plaintiff contacted the Court, advised his release from prison and his new address, and filed a motion for an extension of time to respond to the report and recommendation. (Doc. 10). His motion for an extension was granted, and he was ordered to file his amended complaint and his motion to proceed without prepayment of fees by June 27, 2017. (Doc. 11). On June 14, 2017, Plaintiff filed an amended complaint, and on June 15, 2017, he filed an amended motion to proceed without prepayment of fees. On August 16, 2017, the Court entered an order denying Plaintiff's motion to proceed without prepayment of fees because the form was minimally completed and did not reflect how he provides for life's basic necessities. (Doc.14 at p. 2). Plaintiff was ordered to either pay the remainder of the $350.00 filing fee ($336.00) or to file a motion to proceed without prepayment of fees that reflects how he provides for life's basic necessities and conveys a complete picture of his present financial situation on or before September 8, 2017. (*Id*.).

On August 24, 2017, Plaintiff filed another motion to proceed without prepayment of fees on the correct form; however, he again gave incomplete

information about his financial situation. The form reflected that he is unemployed, has no dependents, has no assets, has no money in the bank or in other financial accounts, and has no rental or mortgage obligation. (Doc. 15 at pp. 1-3). Under these circumstances, question number 5 on the form asks the person completing the form to "explain how you provide for your basic living needs such as food, clothing and shelter." Plaintiff marked this inquiry as not applicable. (Doc. 15 at p. 3). This information is, however, necessary for the Court to make a determination regarding whether he is eligible to proceed without prepayment of fees. Accordingly, the Court ordered Plaintiff to either pay the remainder due on his filing fee, which is $336.00, or to fully complete the form motion to proceed without prepayment of the filing fee, in particular question number 5, on or before November 20, 2017. (Doc. 16). Plaintiff was again warned that failure to comply with the Court's order on or before November 20, 2017 would result in the dismissal of his action for failure to prosecute by failing to comply with the Court's October 23, 2017 order. (Doc. 16 at p. 3). Plaintiff has not submitted the remainder of the filing fee that is due nor has he filed an amended motion to proceed without prepayment of fees; therefore he has not complied with that order.

As a consequence of Plaintiff's failure to prosecute this action by failing to comply with the Court's order, and upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630

(1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the

4

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **December, 2017**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**